### SMITH v. SMITH.

(City Court of New York, General Term. November, 1899.)

CONTRACT—VERDICT—EXCESSIVE DAMAGES.

 Plaintiff was a partner in a dry-goods business, carrying a stock of $4,000 or $5,000. At her father's solicitation to sell out her stock of merchandise, and to go to New Orleans to nurse his sister, and on his promise to pay her for any loss, expense, or labor, she sold a part of the stock, at a loss to her of $900, went to New Orleans, and remained with his sister six months,—until the sister's death. *Held*, that a verdict for $1,400 was not excessive.

Appeal from trial term.

Action by Mary Smith against Michael Smith to recover for business losses and services. From a judgment in favor of plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

Argued before FITZSIMONS, C. J., and CONLAN and McCARTHY, JJ.

Man & Man, for appellant.

Denis A. Spellisey, for respondent.

CONLAN, J. This is an appeal from a judgment entered upon a verdict, and from an order denying a motion for a new trial. The plaintiff is the daughter of the defendant by a former wife, and at the time of the trial was about 50 years of age, and her father about 80 years. By her complaint she alleges that in August, 1891, the defendant's sister was dangerously ill in New Orleans, and that defendant requested the plaintiff to sell out her stock of merchandise in Tenth avenue, New York, and go to New Orleans and nurse and take care of defendant's sister, promising that he would repay the plaintiff for any loss she might sustain, expense she might incur, and for her time, trouble, and labor, and that, relying on this promise, she did sell out, and go to New Orleans, and that her loss and the value of her services amounted to $2,540. The defendant's answer was practically a general denial. There is evidence by the plaintiff that she and her sister were in partnership in the dry-goods business on Tenth avenue, in New York, and that at the time of the sale the stock had a value of $4,000 or $5,000. All was not sold, but $2,700 worth was sold for $900, on account, as is alleged, of the importunities of the defendant that plaintiff should get rid of the stock at any price, and go at once to take care of his sister. It appears, also, that she started by steamer, and that the steamer broke down, and she was obliged to return and await the next one, but that she finally reached New Orleans, and remained with defendant's sister for a

period of six months; that the defendant's sister was a woman of some means, and at her death the whole of this was left to the defendant by will; and that he realized thereon about the sum of $7,000.

The evidence in the case is somewhat voluminous, but the questions submitted to the jury do not appear to have been of a very serious nature, and the charge was eminently fair to both parties. The defendant took no exceptions thereto, but asked for a direction in his favor, and, on a denial, excepted to such ruling. We have examined the various exceptions taken in behalf of the defendant to the rulings made during the progress of the trial and at its close, and are of the opinion that the defendant was in no manner prejudiced thereby, because he had the benefit of the very favorable charge to the jury.

It is contended by the defendant that the damages were excessive, but when we consider the time of the plaintiff, her actual services and expenses, and the loss occasioned by the sacrifice of her interest in the business, the last of which, assuming that the property sold was worth $2,700, and that only $900 was realized thereon, her one-half interest in the partnership would entitle her to $1,350, if she be permitted to recover damages therefor, and the difference between that sum and the verdict of $1,400 would barely compensate her for the expenses of the trip. We cannot say that the jury have gone out of the way to reach a fair adjustment of the differences between the parties, and it appears that the amount claimed, deducting the first cause of action, was $2,350, and the court's limit of jurisdiction was $2,000.

We are not disposed to disturb the verdict reached by the jury, and there should be an affirmance of the judgment and order appealed from, with costs. All concur.